IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JASON AMSK,<br><br>    Plaintiff,<br><br>vs.<br><br>NORTHWESTERN CORPORATION<br>d/b/a NORTHWESTERN ENERGY,<br>and John Does 1-5,<br><br>    Defendants | CV 15–49–H–CCL<br><br>ORDER |

  Before the Court is Plaintiff's Motion for Remand (Doc. 9). The motion is opposed.

  This wrongful discharge action is brought by Jason Amsk ("Amsk"), who is a former employee of Defendant NorthWestern Corporation, d/b/a NorthWestern Energy ("NWE"). Amsk alleges that his discharge was wrongful, in violation of the corporate personnel policy, retaliatory, and malicious. (Doc. 5.) According to

NWE, Amsk was a seasonal employee from 2006 through his termination in December, 2013, working as an electric groundsman. (Doc. 6 at 2.) NWE removed this case to federal court, alleging that this Court has jurisdiction under the diversity of citizenship statute, 28 U.S.C. § 1332. (Doc. 1, Notice of Removal at 2, ¶ 5.)

The federal diversity jurisdiction statute provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Removal from state to federal court is permitted in diversity jurisdiction cases. 28 U.S.C. § 1441(b). However, if diversity is not demonstrated upon removal, the federal district court must remand the case to state court. 28 U.S.C. § 1447(c). Defendant must show by a preponderance that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). Any doubts about the propriety of removal should be resolved in favor of remand. *Id.*

Amsk's Motion for Remand asserts that NWE's principal place of business is not Sioux Falls, South Dakota, as is reported in Defendant's Annual Report and

FERC filings, but in Montana. (Doc. 10.) Plaintiff cites the "nerve center" test provided by *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S.Ct. 1181, 175 L.Ed.2d 1029, (2010), which requires the Court to determine in what place "the corporation's high level officers direct, control, and coordinate the corporation's activities." *Id.* at 80. Amsk asserts that the President/CEO, and four Vice-Presidents of the corporation live in Montana, as well as three of its managers (general, supply market operations, and regulatory affairs). The legal staff reside in Montana.

In response, NWE asserts that, although its offices and personnel are spread throughout Montana, South Dakota, and Nebraska, its corporate nerve center continues to be located in Sioux Falls, South Dakota. NWE's executive team, consisting of its CEO and eight vice presidents, meets every other week, either in person or by another means, and the executive team rotates their in-person meetings between NWE's offices in Butte, Montana, and Sioux Falls, South Dakota (and occasionally in other locations). NWE also cites three prior cases from the District of Montana in which NWE was found to be diverse to a Montana

3

citizen due to the fact that its corporate headquarters is in South Dakota. *See Ranf v. Northwestern Corp.*, CV 14-44-BU-SEH, (Doc. 34); *Minjares v. Northwestern Corp.*, CV 10-135-M-DWM (Doc. 33); *Andserch v. Northwestern Corp.*, CV 10-13-BU-RFC (Doc. 34, 29).

Clearly, this is one of the harder cases that the Supreme Court predicted would arise in the era of telecommunications. However, Defendant submits the Affidavit of Timothy P. Olson, Senior Corporate Counsel and Corporate Secretary, who works in the Sioux Falls, South Dakota, corporate office, and who explains the general purpose and activities of the various corporate officers. The Olson Affidavit acknowledges that corporate officers work in Montana and in South Dakota. The Affidavit states, "[l]iving and working in the communities served allows NorthWestern to interact on a personal and day to day basis with customers." (Doc. 13-1 at 3.) Departments supervised in Montana are "Transmission Operations, Energy Supply, Distribution Operations, and Government and Regulatory Affairs, and Legal." (*Id.* at ¶ 5) Departments supervised in South Dakota are "Corporate Governance, Finance (including

investor relations and internal audit), Human Resources, Customer Care, Communications, Business Technology formerly known as Information Technology, and Compensation and Benefits." (*Id.*)  The Olson Affidavit also points out that Defendant's FERC and SEC filings and 2014 Notice of Annual Meeting all list Defendant's principal headquarters in Sioux Falls, South Dakota. (*Id.* at ¶ ¶ at 5-9.)

In *Hertz*, the Supreme Court warned that even the "nerve center" test could be manipulated, as for example when "the alleged 'nerve center' is nothing more than a mail drop box, a bare office with a computer, or the location of an annual executive retreat...." (*Hertz*, 559 U.S. at 97.)  As urged by Amsk, citing a Fourth Circuit case, in such a case the district court should not be misled by the named headquarters but should analyze the place of *actual* direction, control, and coordination.  *Hertz*, 559 U.S. at 97, 130 S.Ct. 1181; *see also Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 171 (4th Cir. 2014) (quoting *Hertz*).  This is not the circumstance of the instant case, however, because nearly all of NWE's non-operational corporate governance functions–Corporate Governance, Finance,

5

Human Resources, Customer Care, Communications, and Business Technology--are located at the corporate headquarters in Sioux Falls, South Dakota. Defendant's SEC and FERC filings and annual meeting notice would be insufficient, without additional evidence, to meet the 'nerve center' test. *See Hertz*, 559 U.S. at 97 (rejecting suggestion that "mere filing of a form like the Securities and Exchange Commission's Form 10-K" would be sufficient proof of the corporate nerve center). However, in this case, the additional evidence is supplied by the Olson Affidavit. Thus, NWE has met its burden of persuasion.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for Remand (Doc. 9) is DENIED.

DATED this 8th day of March, 2016.

_____
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE