IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JASON AMSK, <br><br> Plaintiff, <br><br> vs. <br><br> NORTHWESTERN CORPORATION d/b/a NORTHWESTERN ENERGY and John Does 1-5, <br><br> Defendant. | CV 15–49–H–CCL <br><br> ORDER |

Before the Court is Defendant Northwestern Corporation's Motion for Summary Judgment (ECF No. 21) as a matter of law on all claims and legal theories pled by Plaintiff Jason Amsk ("Amsk"). The matter came on regularly for hearing on November 9, 2016. Plaintiff was represented by Michael Uda, and Defendant was represented by Harlan Krogh. Having reviewed the briefs and

1

received oral argument, the Court is prepared to rule.

Background

Plaintiff Jason Amsk was employed by NorthWestern Corporation ("NorthWestern") from 2006 through 2013. At the time of his separation from employment, Amsk was an electric groundsman. Amsk filed a Complaint and Jury Demand in state court, alleging claims of wrongful discharge from employment and emotional distress, seeking compensatory and exemplary damages from NorthWestern. Plaintiff asserts that there was not good cause for his discharge. NorthWestern asserts that Amsk failed to grieve his discharge as was required by a Collective Bargaining Agreement ("CBA"). Further, NorthWestern asserts that because Amsk's employment is subject to a CBA, it is specifically exempt from the Wrongful Discharge From Employment Act (WDEA) of Montana. Mont. Code Ann. § 39-2-912(2).

Legal Standard

The moving party must inform the court of the basis for the motion for summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548,

2

91 L.Ed.2d 265 (1986). Summary judgment should be granted if the moving party demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed. R. Civ. P. Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 248 (1986). A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Id.* at 248.

Once this initial burden is met, the opposing party must "go beyond the pleadings" and "set forth specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 248, 106 S.Ct. at 2510 (internal quotes omitted). "If a party fails to properly support an assertion of facts or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for the purposes of the motion. . . ." Rule 56(e)(2). "[A] party cannot manufacture a genuine issue of material fact merely by making assertions in its legal memoranda." *S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines) v. Walter Kiddle & Co.*, 690 F.2d 1235, 1238 (9th Cir. 1982).

After the movant's initial burden has been met, the non-moving party must go beyond the pleadings and–by its own affidavits or discovery–set forth specific facts showing a genuine issue for trial. *See* Fed.R.Civ.P. 56(e); *Celotex Corp.*, 477 U.S. at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). If the non-moving party does not produce evidence to show a genuine issue of material fact, the moving party is entitled to summary judgment. In ruling on a motion for summary judgment, inferences drawn from the underlying facts are viewed in the light most favorable to the non-moving party. *See Matsushita*, 475 U.S. at 587.

"On summary judgment, the proper task is not to weigh conflicting evidence, but rather to ask whether the non-moving party has produced sufficient evidence to permit the fact finder to hold in his favor." *Ingram v. Martin Marietta Long Term Disability Income Plan*, 244 F.3d 1109, 1114 (9th Cir. 2011). However, a district court must give the nonmoving party a "full and fair opportunity to ventilate the issues involved in the motion." *Cool Fuel, Inc. V. Connett*, 685 F.2d 309, 312 (9th Cir. 1982).

Discussion

NorthWestern brings the Motion for Summary Judgment at the earliest possible stage of this litigation, before the preliminary pretrial conference has been held and before discovery has commenced. NorthWestern believes that it is entitled to summary judgment as a matter of law because it believes that Amsk was, at the time of his dismissal, a member of the International Brotherhood of Electrical Workers Local Union No. 44 ("Local No. 44"), because the governing Collective Bargaining Agreement ("CBA") requires binding arbitration of employment disputes, because an employee grieving discharge under the CBA must file a grievance with the Local No. 44 within 15 days after the discharge, and because Amsk never filed a grievance regarding his discharge. (ECF No. 24-1, Affidavit of Thomas Alexander at 1-4; 36-37.) NorthWestern presents a copy of Amsk's Payroll Record Card and his last payroll advice form, which notes a deduction for his Local No. 44 dues, a copy of the CBA. (ECF No. 24-1 at 117-120.)

Amsk disputes NorthWestern's version of the facts. Amsk asserts that

NorthWestern did not inform him that he was being discharged for cause; instead, Amsk believed that he was being laid off with the possibility of later rehire. Amsk asserts that because he did not know that he had been discharged for cause, he lacked the knowledge necessary to file a grievance with Local No. 44. (ECF No. 27 at 11-12, Affidavit of Amsk.) In fact, Amsk asserts that he did not know that he had been discharged for cause until after he had applied for unemployment benefits and had been so informed by the Montana Department of Labor & Industry. (ECF No. 27 at 12.) Indeed, that agency of state government ultimately decided that Amsk had <u>not</u> been discharged for cause but instead had merely been laid off temporarily. (ECF No. 27 at 54.) According to MDOLI records, the lay off was recharacterized by NorthWestern as a discharge for cause <u>after</u> Amsk applied for unemployment benefits. To further cloud the facts, Amsk produces a letter from Local No. 44, which states that his dues were not paid for December, 2013, which is the last month that he worked. (ECF No. 27 at 57.)

Whether Amsk was informed that he was being terminated for cause, whether Amsk was a dues-paying member of the union local at the time of his

discharge and thus subject to a collective bargaining agreement, and whether Amsk was unfairly misled into waiving his right to grieve his termination are all genuine issues of material fact supported by the Amsk Affidavit (ECF No. 27 at 11) and the Collison Affidavit (ECF No. 27 at 58) and the MDOLI finding. Under these circumstances, Defendant's motion for summary judgment will be denied with leave to refile the motion upon the close of discovery.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment (ECF No. 21) is DENIED with leave to refile.

The Court will set down a time for a telephone conference to set the pretrial schedule by subsequent order.

Dated this 12th day of December, 2016.

_____
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE